Fargo & Bill v. Buell.

---

FARGO & BILL v. BUELL.

1. **Contract:** APPLICATION OF PAYMENTS. When a debtor pays moneys to
a creditor having two demands against him he may elect upon which of
the two to have the payment applied; but when he makes no such elec-
tion the creditor may appropriate it to either.

*Appeal from Johnson District Court.*

WEDNESDAY, OCTOBER 17.

DEFENDANT and his son-in-law, Coman, were in part-
nership, as boot and shoe merchants in Iowa City, under
the style of Buell and Coman, prior and until November
17, 1862.    At the time of the dissolution, they were
indebted on balance of account, to plaintiffs, in about the

sum of $680. By agreement Coman was to pay all debts, and took the property. Plaintiffs were advised of the dissolution, and the terms thereof within a few days there-after. Coman continued to trade with them to the amount of near $2,800, and in March, 1864, there was a balance against him of $460. After the dissolution he made payments by drafts and otherwise, amounting to $2,580, of which $250 were applied to the amount against the firm, and $2,380 to that against Coman alone. To this action against Buell alone to recover the balance, $430, of the partnership account, he pleads payment, relying upon the position that the amounts received from Coman after the dissolution should have been, and by him were directed to be applied first to the extinguishment of such joint indebtedness. Trial by the court, finding and judgment for defendant, and plaintiffs appeal.

*Fairall & Boal* for the appellants.

*Edmonds & Ransom* for the appellee.

WRIGHT, J.— Coman did not direct how or to which account his payments should be applied. Most of them were made through his agents or commission merchants in Chicago, where plaintiffs reside, and receipts taken of the following terms:

1. CONTRACT: application of payments.

" Received of E. P. Coman by Messrs. John Clough & Co.——— to apply on account.
                              "FARGO & BILL."

Plaintiff applied these payments, except $250, received in January, 1863, for which no receipt was given, as shown by the account rendered and testimony, to the account made *after* the dissolution, or to that against Coman alone. Upon this subject there is no room for controversy. It was the debtors' right to have these pay-

ments applied on the indebtedness of the firm. He made no such appropriation or direction however, and under the law, plaintiffs could rightfully apply them as they did. There is nothing even to show that plaintiffs had reason to believe that Coman intended to apply them otherwise. The two amounts were kept separate. Both were equally valid, and uncontroverted, and Coman was alike concerned in the discharge of each. Plaintiffs never agreed, directly or indirectly, to release defendant, nor to look to Coman alone for the payment of the old debt. Under such circumstances the law was with plaintiffs, and the court below should have so found. Upon this subject we refer to 2 Greenl. Ev., §§ 529 – 532 *a*, inclusive; *Whiting* v. *Eichelberger et al.*, 16 Iowa, 422; *Hansen* v. *Kirtly*, 11 Id., 565. New trial ordered.

Reversed.