FRANK KEAIRNES v. GODFREY DURST, Appellant.

**Payment:** APPLICATION. It was error to instruct the jury that defendant, who had an account against plaintiff for rent, could not apply a payment to other claims held against him, unless under an agreement to so apply it, where it did not appear that plaintiff made any request as to how the payment should be applied, and afterwards made a payment nearly sufficient to pay the rent.

**Mortgages:** RECOVERY ON FORECLOSURE. It was error to instruct the jury that any sum realized on the foreclosure of a mortgage in excess of the amount required to pay the note it was given to secure would belong to the mortgagor, since such instruction omitted to allow the mortgagee the necessary costs of foreclosure.

**Evidence:** REBUTTING JUDGMENT. Where plaintiff's reply alleged, during the pendency of a previous action between the same parties, it was agreed that, if plaintiff would deliver to defendant certain corn, defendant would cancel any judgment he might obtain, it was not objectionable, as trying to rebut a judgment, to ask plaintiff what agreement, if any, was made with defendant in regard to the settlement of his claim in such previous action.

**HARMLESS ERROR.** Error in instructing the jury that the burden was on defendant to prove the set-off pleaded by him, when such set-off consisted of judgments which were admitted, and of which proof was not required, was without prejudice, the jury having specially found that the judgments had been paid.

**Instructions:** THEORY OF CASE: *Evidence.* An instruction that, if plaintiff delivered 1,200 bushels of corn to defendant, such delivery would be a payment of certain rent, and, if not applied on the rent, plaintiff was entitled to recover the market value of the corn, was erroneous, where it was not claimed that more than 664 bushels had been delivered, and plaintiff was seeking to recover an agreed price for the corn, and not its market value.

**Pleading:** STRIKING ON MOTION. Where a motion to strike matter from a pleading is unintelligible, because not definitely designating the parts to be struck out, it must be overruled.

SAME. A motion which attacks a reply for being inconsistent with the petition is rightly overruled where no inconsistency appears on the face of the reply, though one appears by the evidence.

*Appeal from Woodbury District Court.*—HON. WILLIAM HUTCHINSON, Judge.

SATURDAY, DECEMBER 16, 1899.

ACTION at law to recover the value of personal property received by the defendant, and for damages for failure to perform the requirements of a certain lease. There was a trial by jury, and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*Jepson & Jepson* for appellant.

*J. A. Prichard* for appellee.

ROBINSON, C. J. —In September, 1895, the defendant leased to the plaintiff a tract of land for the term of one year from the 1st day of March, 1896. The lease provided that the defendant should build a dwelling house before the first day of June, 1896, and crib room for the plaintiff's corn, and required the plaintiff to deliver, as rent, on or before January, 1897, one thousand two hundred bushels of corn at the Banner Mills. The lease also contained the following: "All the crops growing, or in stack, crib, or granary, on said premises, shall be security for all sums due or to become due from party of the second part to the party of the first part, as evidenced by book account or note held by party of the first part." The plaintiff took possession of and occupied the premises under the lease. He alleges in his petition that in the latter part of the year 1896 and in the first part of the next year he delivered to the defendant one thousand eight hundred and forty-eight bushels and fifty pounds of corn, at the agreed price of ten cents per bushel; that in the year 1896 he furnished to the defendant two horse collars and pads, one lumber wagon, and one pump

cylinder, of the aggregate value of eleven dollars and seventy-five cents; and that about February 1, 1897, the defendant wrongfully took possession of and converted to his own use one colt and ten tons of hay, of the value of thirty-five dollars. The petition further alleges that nothing has been paid by the defendant for the property furnished and taken as stated, and demands judgment for three hundred and thirty-six dollars and seventy-five cents, with interest and costs. The answer contains a general denial of the averments of the petition not admitted, and states that in order to enforce his lien for the rent of the premises due in February, 1897, the defendant commenced against the plaintiff, in justice court, an action aided by a landlord's attachment, which was levied upon one thousand one hundred and two bushels of corn grown upon the leased premises, and constituting a part of the corn for which plaintiff seeks to recover; that judgment was rendered in the action in favor of the plaintiff for one hundred dollars debt and fifteen dollars and seventy-five cents costs; that execution for the satisfaction of the said judgment was issued, and the one thousand one hundred and two bushels of corn specified were sold under the execution for the sum of sixty-six dollars and twelve cents, which was applied on the judgment. The answer further states that in 1896 the plaintiff sold and delivered to the defendant six hundred and sixty-three and two-third bushels of corn, of the value of sixty-six dollars and thirty-six cents, the proceeds of which were applied on an account held by the defendant against the plaintiff for merchandise sold to him and for damages to property, to the amount of eighty-three dollars and seventy-five cents. The answer further avers that on the eighteenth day of February, 1897, the defendant became the owner of a note made by the plaintiff to one Seibold for the sum of two hundred and seventeen dollars and twenty-nine cents, together with a chattel mortgage given to secure its payment; that at that time the amount due on the note was one hundred and

twenty dollars, and that by virtue of the mortgage the·
defendant took and sold the colt which the plaintiff seeks-
to recover, for the sum of five dollars, and applied it on the
note; that the hay for which the plaintiff seeks to recover·
was seized under the attachment, and sold under the execu-
tion to which reference has been made.   The answer further·
alleges that the sum of forty-five dollars and fifty-three·
cents is due on the judgment described, and unpaid, and
that on the twenty-sixth day of February, 1897, the defend-
ant procured another judgment against the plaintiff for
seventeen dollars and thirty-nine cents debt and two dollars-
and thirty cents costs, which is unpaid.   To the answer the
plaintiff filed a reply which stated that, during the pendency
of the action in which judgment for one hundred dollars
and costs was rendered, the parties hereto agreed that, if
the plaintiff would immediately deliver to the defendant.
the corn for which the lease provided, it would be received
in full payment of the amount which was due under the·
lease, and that one thousand two hundred bushels of corn
were delivered as agreed.   The reply admits the making·
of the Seibold note, but avers that it was transferred after
maturity, when but one hundred and nineteen dollars were·
due thereon, and that when it was so transferred the payee
was owing to the plaintiff forty-six dollars and fifty. cents,.
which should be applied on the note; that, for the col-
lection of the seventy-two dollars and fifty cents which·
remained unpaid on the note, the defendant seized under·
the mortgage, and sold, personal property to the aggregate
value of two hundred and ninety-seven dollars; that the·
property sold for one hundred and fifty-one dollars and
thirty-five cents, leaving a balance due the plaintiff, after
deducting the remainder of the note, of seventy-eight dollars-
and eighty-five cents, computed on the price for which the·
property sold, or two hundred and twenty-four dollars and
fifty cents, computed on its actual value; that the plaintiff
was damaged by the unlawful sale of more of the property

than was required to pay the balance due in the sum of two hundred dollars, for which judgment is asked. The reply further alleges that the plaintiff has been damaged by the failure of the defendant to cancel the judgment for one hundred dollars and costs, in the sum of ten dollars, and for that, judgment is also asked. The defendant filed a motion which asked the court "to strike from plaintiff's reply all that part thereof contained in the last clause of paragraph thereof for the reason that the same is not properly pleaded as a counterclaim, and the same is irrelevant and immaterial, and to strike each and every paragraph of said reply for the reason that the same is inconsistent with the petition." The motion was overruled. The verdict returned was for the sum of three hundred and twenty-seven dollars and fifteen cents, but the court, with the consent of the plaintiff, reduced the sum to two hundred and forty dollars, for which judgment was rendered.

I. The defendant complains of the overruling of his motion to strike. The first part of it, referring to "the last clause of the paragraph," is unintelligible, because there are several paragraphs in the reply, and the particular one referred to is not designated, and for that reason the first part of the motion was properly overruled. The remainder of the motion may be regarded as assailing each paragraph of the reply. Section 3576 of the Code provides that: "There shall be no reply, except: (1) Where a counterclaim is alleged. (2) Where some matter is alleged in the answer to which the plaintiff claims to have a defense by reason of the existence of some fact which avoids the matter alleged in the answer." The parts of the reply which refer to the agreement to cancel the judgment for one hundred dollars and costs, and to the amount which it is alleged should have been, but was not credited on the Seibold note, may be regarded as pleading matter in confession and avoidance of a part of the allegations of the answer. The only part of

the answer which can be claimed to plead a counterclaim is the sixth division, the first part of which is as follows: "Defendant, for further answer to plaintiff's petition, and by way of counterclaim or set-off against any claim or pretended claim which the plaintiff has or claims to have against this defendant states to the court:" Then follow the averments respecting the two judgments against the plaintiff in favor of the defendant, including the statement that amounts specified are due thereon and unpaid. The only part of the reply which can be construed as referring in any respect to the sixth division is an averment which follows, and is applicable to, the allegations respecting the sale of an excessive amount of property under the Seibold mortgage, and the consequent damage. That averment is as follows: "And plaintiff files said claim herein as counterclaim against the claims made by the said defendant in his answer." It is at least doubtful if the sixth division contains anything which should be treated as a counterclaim. Section 3439 of the Code provides that no action shall be brought on a judgment of a justice of the peace within eight years after the rendition thereof, except upon conditions which are not shown or alleged to exist in this case, and no demand for affirmative relief is based upon the sixth division of the answer; the only relief asked in the prayer of the answer being "that plaintiff's petition be dismissed, and the defendant have judgment for his costs herein." If it be true, however, that the answer should be treated as demanding affirmative relief on account of matters pleaded in the sixth division, the averments of that division are not answered by the reply. But the ground of that part of the motion which we are now considering is not that the matter contained in each paragraph of the reply should not have been set out in a reply, but that it "is inconsistent with the petition"; and we are of the opinion that, on the face of the reply, nothing appears inconsistent with the petition. The reply does not show

that the corn therein referred to was any part of the corn
alleged in the petition to have been sold to the defendant,
and for which recovery was sought, although that appears
from the evidence to have been the fact. It is not claimed
that the reply contains any other matter inconsistent with
the petition, and we conclude that the motion to strike was
not based on a sufficient ground, and that it was properly
overruled.

II. The plaintiff, as a witness, was asked a question
as follows: "Tell the jury what agreement, if any, you
made with Mr. Durst in regard to the delivery of his corn
as a settlement of his claim before the justice of the peace."

The plaintiff objected, "as incompetent, immaterial,
and irrelevant, and as trying to rebut a judgment
that has already been rendered, and the same has not
been set aside or appealed from, and at this time is in full
force and effect." The objection was overruled, and of that
ruling the defendant complains. The claim of the plaintiff,
as alleged in his reply, was that "during the pendency of the
action" referred to he and the defendant agreed that, if the
plaintiff would immediately deliver the one thousand two
hundred bushels of corn due under the lease, the defendant
"would cancel any judgment that might be obtained, and
would have the judgment already obtained canceled, and
would accept the one thousand two hundred bushels of corn
in full settlement of said claim and said judgment and
costs." Under those averments, it was proper to show the
contract entered into between the parties, even though made
before the judgment was rendered, since that was contem-
plated in the agreement, and the delivery of the corn was a
condition precedent to the satisfaction of the claim. The
plaintiff had testified that he had commenced to haul the
corn before the judgment was rendered, and that the corn
"was delivered about the twenty-third and twenty-fifth of
February, I think. Somewhere about that time. * * *
I think I finished hauling it about Friday." It had also been

shown that the judgment was rendered February 26th, or on Friday, but it had not been shown that the corn had been delivered when the judgment was rendered. Hence we conclude that the objection to the question was properly overruled.

III. The jury was charged that the burden was on the defendant to prove by a preponderance of the evidence the set-off pleaded in the answer, and that, if he had failed to do so, the finding should be for the plaintiff. The defendant justly complains of this, for the reason that the set-off consisted of judgments which were admitted, and of which proof was not required, but the error was without prejudice, as the jury found specially that the judgments had been paid, and that, necessarily, included a finding that they had existed.

IV. The plaintiff delivered to the defendant before January 1, 1897, about six hundred and sixty-four bushels of corn, the proceeds of which were applied by the defendant on an account he claims to have had against the plaintiff. The court instructed the jury that the defendant had no right to so apply the proceeds, unless under an agreement with the defendant to so apply them, and that, if such an agreement had not been shown by the defendant, the plaintiff was entitled to have all the corn delivered before January, 1897, applied to the payment of the rent due. We are of the opinion that, under the peculiar facts of this case, the charge thus given was erroneous. Had the plaintiff insisted from the first that the corn delivered before the date specified should be applied on the rent, the law would so apply it; but he did not ask that such application be made, nor even remain silent. On the contrary, he delivered to the defendant after January, 1897, nearly enough corn to pay the rent, under an agreement, as he alleged, that it should be so applied. The lease contained a provision in the nature of a mortgage, which provided that all crops grown on the leased premises, or in crib, should be held as security for all

sums due or to become due from the plaintiff to the defendant. By his petition in this case the plaintiff sought to recover the price of all the corn he had delivered to the defendant, including what was delivered before January, and thereby elected, so far as he could do so, not to have the price applied on the rent due. Under these circumstances, it was right of the defendant to apply the price of the corn delivered before January in payment of any valid claim then due which he held against the plaintiff. *Whiting v. Eichelberger,* 16 Iowa, 422; *Fargo v. Buell,* 21 Iowa, 292.

V. The court charged the jury that if the plaintiff delivered one thousand two hundred bushels of corn to the defendant, at the Banner Mills, on or before January 1, 1897, such delivery would be a payment of the rent for which the lease provided; also, that if the plaintiff made such a delivery of corn and it was not applied to the payment of rent, the plaintiff would be entitled to recover the reasonable market value of the corn at Danbury at the time it was taken by the defendant. This was erroneous, for the reasons already pointed out, and for the further reason that it is not claimed by any one that more than six hundred and sixty-four bushels of corn were delivered to the defendant before the date specified. Another objection to this portion of the charge is that the plaintiff seeks to recover, not the reasonable market value of the corn, but what is alleged to have been an agreed price.

VI. By the ninth paragraph of the charge the jury was instructed that any sum realized on the foreclosure of the chattel mortgage in excess of the amount required to pay the note which it was designed to secure would belong to the plaintiff. That was erroneous, in omitting to allow the defendant for the necessary and proper costs of foreclosing the mortgage.

VII. Questions to which we have not referred are presented in argument. Some of them are governed by conclusions which we have announced, and others are not likely

to arise on another trial. The errors committed are too grave to have been cured by the reduction of the amount of recovery allowed by the jury, and the judgment of the district court must be and is REVERSED.

GRANGER, J., not sitting.